**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X
**SUSANA LOZADA,**

        **Plaintiff,**

     **-against-**

**AIG DIRECT INSURANCE**
**SERVICES, INC.,**

       **Defendant.**
------------------------------------------------------X

**CASE NO.:**  1:15-cv-02122

**COMPLAINT AND DEMAND FOR**
**JURY TRIAL**

## COMPLAINT

SUSANA LOZADA ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against AIG DIRECT INSURANCE SERVICES, INC. ("Defendant"):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.    Defendant regularly conducts business in the State of New York therefore personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

- 1 -

**PARTIES**

5.      Plaintiff is a natural persons residing in Bohemia, New York 11716.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a corporation with its principal office located at 9640 Granite Ridge Drive, San Diego, California, 92123.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number that she has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13.     Beginning in or around October 2014, and continuing through December 2014, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

14.     During the relevant period, Defendant relentlessly called Plaintiff on her cellular telephone.

15.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16.     Defendant's automated messages identified its company name as the caller.

17.     Defendant's telephone calls were not made for "emergency purposes."

- 2 -

18.    Plaintiff never provided prior express written consent to Defendant to call her cellular telephone number or to contact her regarding any goods or services offered by Defendant.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21.    Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22.    Defendant's calls to Plaintiff were not made for emergency purposes.

23.    Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

24.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

WHEREFORE, Plaintiff, SUSANA LOZADA, respectfully prays for judgment as follows:

       a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

       b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

       c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

       e.   Any other relief deemed fair and proper by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SUSANA LOZADA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: April 14, 2015         KIMMEL & SILVERMAN, P.C.

By: /s/ Craig Thor Kimmel
Craig Thor Kimmel
Attorney ID #2790038
Attorney for Plaintiff
1001 Avenue of the Americas, 12th Floor
New York, New York 10018
Phone: (212) 719-7543
Facsimile: (877) 617-2515
Email: kimmel@creditlaw.com

- 4 -

PLAINTIFF'S COMPLAINT